UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ISHMAEL K WHITAKER,

    Plaintiff,

v.                                       Case No. 3:22cv2114-LC-HTC

J MILLER,
JOHN DOE,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Ishmael K. Whitaker, an inmate at Muscogee County Jail (in Georgia) at the time of suit, filed a § 1983 action against two mental health staff members at Santa Rosa Correctional Institution, J. Miller and "John Doe". ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(C). For the reasons that follow, the undersigned respectfully recommends this case be dismissed without prejudice as malicious for Plaintiff's failure to truthfully disclose his litigation history and to comply with Court orders.

## I.   THE COMPLAINT

Plaintiff alleges that two members of the mental health staff at Santa Rosa CI, J. Miller (a mental health counselor) and "John Doe" (the mental health supervisor), were deliberately indifferent to his risk of self-harm while he was incarcerated at Santa Rosa CI.  ECF Doc. 1.  He seeks "1,000,000 in monetary damages." ECF Doc. 1.  In his statement of facts, he references his prior complaint in *Whitaker v. Miller*, 3:20-cv-05643-LC-EMT (N.D. Fla.)[1], which the Court dismissed for failure to follow an order of the Court.

## II.   FAILURE TO TRUTHFULLY DISCLOSE HIS LITIGATION HISTORY

The first basis for dismissal of Plaintiff's complaint is his failure to truthfully disclose his prior litigation on the complaint form he submitted to the Court.  Section II of that form, entitled "Previous Lawsuits", warned Plaintiff that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (emphasis in original).

---

[1] In *Whitaker v. Miller*, 3:20-cv-05643-LC-EMT (N.D. Fla.), Plaintiff alleges that when Plaintiff was at Santa Rosa CI, Miller failed to take appropriate action after Plaintiff informed her of his suicidal / homicidal thoughts on March 22, 2018.  Miller consulted with Caban, her supervisor, who instructed Miller to write a DR for "spoken threats" rather than counsel with Plaintiff.  The next day, at 7:13 a.m., Miller wrote the DR and, at noon, Plaintiff attempted suicide by cutting his left arm, resulting in 13 stitches.

Section II contains several questions regarding prior suits.  Questions 4 & 5 asked about lawsuits with the same or similar facts.  In response, Plaintiff crossed out both "YES" and "NO" and put "I can't remember" (even though he later specifically explains that his prior case, 3:20cv05643, involved the same facts).  Questions 6 & 7 asked about "any lawsuit while incarcerated or detained".  Plaintiff checked "YES", wrote "I can't remember info", and put "N/A" where he was supposed to list other cases.  Question 8 asked about any lawsuit filed in any federal court in which he was permitted to proceed *in forma pauperis* and that was "dismissed on the ground that it was frivolous, malicious, or failed to state a claim."  Again, Plaintiff crossed out both "YES" and "NO" and put "I can't remember" and "N/A" where he should have listed such cases.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

Upon such an investigation, the undersigned takes judicial notice that Plaintiff has filed the following cases prior to the instant suit, none of which were disclosed other than case number 3:2020-cv-5463:

*Whitaker v. Secretary, et al*, 6:2006cv01109 (M.D. Fla.)
*Whitaker v. Oaks*, 3:2020cv05641 (N.D. Fla.)
*Whitaker v. Dangerfield*, 3:2020cv05642 (N.D. Fla.)
*Whitaker v. Miller*, 3:2020cv05643 (N.D. Fla.)
*Whitaker v. John Does*, 4:2021cv00163 (M.D. Ga.)
*Whitaker v. White et al.*, 4:2021cv00164 (M.D. Ga.)
*Whitaker v. Muscogee County Jail et al.*, 4:2021cv00165 (M.D. Ga.)
*Whitaker v. Morelock*, 4:2022cv00037 (M.D. Ga.)
*Whitaker v. Jefferson et al.*, 4:2022cv00038 (M.D. Ga.)
*Whitaker v. Colquitt County Jail*, 7:2021cv00101 (M.D. Ga.)
*Whitaker v. Piedmont Hospital Inc.*, 4:2021cv00151 (M.D. Ga.)
*Whitaker v. Ferguson et al.*, 4:2021cv00207 (M.D. Ga.)
*Whitaker v. Sene et al.*, 4:2021cv00215 (M.D. Ga.)

Each of those cases was filed when Plaintiff was incarcerated and should have been disclosed. Also, three of the cases, 3:20cv5643, 3-20cv5461 and 3-20cv5462, were dismissed for failure to comply with an order of the court, and one case, *Whitaker v. Piedmont Hospital Inc.*, 4:2021cv00151, was dismissed for failure to state a claim on November 18, 2021. Those cases, thus, should have also been disclosed under Question 8.

This Court, and others in this Circuit, routinely dismiss cases for a plaintiff's failure to disclose and also routinely finds such conduct to be an abuse of the judicial process. Here, the analysis is slightly different, but the result is the same. Namely, because the allegations at issue occurred in March 2018, *supra,* n.1, a dismissal of Plaintiff's claims would result in a dismissal with, rather than without, prejudice because he would be barred by the 4-year statute of limitations from bringing these claims again. Under such circumstances, the Court must consider whether Plaintiff's

conduct was willful and whether lesser sanctions may be appropriate. *See Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015) (Because a dismissal with prejudice is a severe sanction, the court should do so only if "there is a clear record of delay or willful misconduct and that lesser sanctions are inadequate.").

As stated above, Plaintiff claims he does not remember the other cases. Quite frankly, the Court finds such a representation is not believable. Several of the cases were filed in late 2021, only months prior to filing the instant suit.² Plaintiff did not file just one prior case, but many cases and several on the same day. Also, this is not Plaintiff's first lawsuit in this Court, and, as a former litigant, who has previously used this Court's forms, Plaintiff is aware that he must disclose his *full and complete* litigation history. Finally, even if Plaintiff could not remember the specifics of these other suits, he could have at least informed the court he had filed some cases and provided whatever information he had about those cases. Thus, the undersigned Plaintiff's failure to disclose to be willful.

Numerous courts have found dismissal to be appropriate despite a plaintiff's purported lack of memory. *See e.g., See Robinson v. Corr. Corp. of Am.,* No. 5:13CV276/WS/CJK, 2013 WL 5671270, at *1 (N.D. Fla. Oct. 17, 2013)

---

² For example, Plaintiff signed the instant complaint on February 13, 2022. ECF Doc. 1 at 7. He filed 4:2021cv207 (M.D. Ga.) on November 22, 2021, and 4:2021cv215 (M.D. Ga.) on December 16, 2021. He filed three other cases in September of 2021 and two more in August of 2021. All of these were filed within six months of the instant complaint.

Case No. 3:22cv2114-LC-HTC

(dismissing for failure to disclose over objection by prisoner that he could not remember the cases he failed to disclose); *Shelton v. Rohrs,* 406 F. App'x 340, 340 (11th Cir.2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his argument that he did not remember filing any civil actions and his records were inaccessible); *Young v. Secretary Fla. Dep't of Corr.,* 380 F. App'x 939, 940 (11th Cir.2010) (unpublished) (affirming the *sua sponte* dismissal of the inmate's action pursuant § 1915(e)(2)(B)(i) for an abuse of process when he did not disclose his prior lawsuits in spite of his argument that he no longer has access to the documents so he could answer fully due to the rule regarding "excess legal material"); *Hood v. Tompkins,* 197 F. App'x 818, 819 (11th Cir.2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded with "no" to the complaint form's question asking whether he has brought any other lawsuits dealing with facts other than those in his action because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

Case No. 3:22cv2114-LC-HTC

The undersigned sees no reason to stray from those cases here. Allowing a claim of lack of memory to be an exception to full and complete disclosure would only swallow the purpose and requirements of the form. *See e.g., Corrales v. Santiago,* No. 3:21CV3422-LC-HTC, 2022 WL 689008, at *2 (N.D. Fla. Feb. 4, 2022)*, report and recommendation adopted sub nom. Corrales v. Santiago,* No. 3:21CV3422-LC-HTC, 2022 WL 684560 (N.D. Fla. Mar. 7, 2022) (dismissing case for failure to disclose despite Plaintiff's claim he could not remember or did not know if cases were strikes), *citing Belvin v. Burke Cty. Sheriff Dep't,* 2013 WL 4047150, at *1 (S.D. Ga. Aug. 9, 2013) ("Plaintiff's contention that he 'forgot' about the cases he failed to disclose—and was thus unable to provide even the simple detail that he had filed several other federal lawsuits in addition to those disclosed—is unavailing."). If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. Jul. 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case

without prejudice where prisoner failed to disclose one (1) prior federal case). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52.

## III. FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS

As an additional ground for dismissal, Plaintiff once again failed to comply with an order of this Court. First, Plaintiff failed to notify the Court that he was released from the Muscogee County Jail on March 30, within seven (7) days as he was required to do. Instead, Plaintiff contacted the Court on April 20, 2022, to provide a change of address.

Second, after the clerk received notice from Plaintiff his address had changed, the clerk resent to Plaintiff the Court's March 29, 2022, order requiring him to pay a partial filing fee. That fee was initially due by April 19, and despite the passage of now more than fourteen (14) days *after* the order was resent to Plaintiff, that fee has not been paid.

The Court also finds Plaintiff's conduct in failing to comply with the partial filing fee order to be willful. As stated above, Plaintiff has had numerous cases dismissed for failure to follow an order or the Court, including the prior case he filed based on these same allegations. Yet, Plaintiff continues to thumb his nose at orders of the Court. This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

The undersigned sees no reason to stray away from those cases either. The Court also finds a lessor sanction to be ineffective. Plaintiff has already been granted indigency status and his initial partial filing fee is a little more than $5.00. Because Plaintiff has been released, the Court cannot recover this fee from his inmate account and will be unlikely to recover the entire filing fee.

Accordingly, it is respectfully RECOMMENDED, that:

This case be DISMISSED WITHOUT PREJUDICE as malicious and abuse of the judicial process for Plaintiff's failure to truthfully disclose his litigation history and also for failure to follow a court order.

Done at Pensacola, Florida, this 10th day of May, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.